IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOOGLE LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| TERRIER SSC, LLC, | ) |
| | ) |
| Respondent. | ) |

**MOTION TO COMPEL TERRIER SSC, LLC**
**TO COMPLY WITH SUBPOENAS ON AN EXPEDITED BASIS**

1. In this ancillary action, Defendant Google LLC ("Google") moves for an order compelling Terrier SSC, LLC ("Terrier") to comply, on an expedited basis, with Google's subpoenas attached hereto as Exhibits 1-2 seeking documents and testimony for use in ten separate cases captioned *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Google LLC*, Case Nos. 6:20-cv-571, 6:20-cv-572, 6:20-cv-573, 6:20-cv-575, 6:20-cv-576, 6:20-cv-579, 6:20-cv-580, 6:20-cv-583, 6:20-cv-584, and 6:20-cv-585, each of which is pending in the United States District Court for the Western District of Texas Waco Division. In these ten cases, which the subpoenas refer collectively to as the "WSOU v. Google Litigations," WSOU has sued Google for alleged patent infringement. Terrier is a nonparty who possesses information relevant to the parties' claims and defenses.

2. Although the subpoenas were issued by the Western District of Texas, they require compliance in the District of Delaware, which is where Terrier is subject to service and, hence, where the subpoenas commanded the production of documents and the deposition to occur. Google served Terrier on September 10, 2021, through its registered agent in Delaware. (Ex. 3). The response to Google's document subpoena was due on September 22, 2021, the same date on which Terrier's deposition was commanded. (Exs. 1 and 2). But Terrier failed to

respond by that date and still has not provided written responses or objections as of the filing of this Motion.[1]

3. Rule 45 of the Federal Rules of Civil Procedure allows a party to obtain a subpoena to command a nonparty to produce documents or tangible things in its possession, custody, or control. Fed. R. Civ. P. 45. The scope of discovery through a subpoena is the same as under Rules 26 and 34 of the Federal Rules of Civil Procedure. *See* 9A Charles Alan Wright et al., Federal Practice and Procedure § 2452 (3d ed. 2019) (citing cases). A party may obtain discovery of any non-privileged matter that is relevant to any claims or defenses. Fed. R. Civ. P. 26(b)(1). "[I]t is well recognized that the federal rules allow broad and liberal discovery." *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, (D. Del. 2004) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)); *see also Edward D. Ioli Trust v. Avigilon Corp.*, No. 2:10-CV-605-JRG, 2012 WL 5830711, at *1 (E.D. Tex. Nov. 16, 2012) (explaining that the rules of discovery receive "broad and liberal application").

4. Here, the documents and testimony sought by Google's subpoenas are relevant to the issue of whether or not WSOU Investments, LLC (the plaintiff in the underlying actions, "WSOU") has standing to assert one or more of the patents-in-suit against Google. *See e.g.*, *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019); *see also Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. CV 17-1658-CFC, 2020 WL 7771219, at *8 (D. Del. Dec. 30, 2020). An entity named BP Funding Trust ("BP") was issued a security interest in one or more of the patents-in-suit prior to the filing of the lawsuits against Google. *See* Exhibit 4 (PTO Assignment Record) at 133 (Reel 056526/Frame 0225). This security interest remained in place until almost a year after the filing of the complaints against Google,

---

[1] It is unclear to Google who, if anyone, currently represents Terrier in this matter.

when Terrier filed a release of security interest with the patent and trademark office. *See id.* at 65 (Reel 056526/Frame 0157). Upon information and belief, the interest was transferred from BP to Terrier in January 2020. The underlying agreements and communications regarding what portion of ownership in one or more of the patents-in-suit resided with Terrier at the time of the filing of these lawsuits is a relevant and discoverable issue. To date, the plaintiff WSOU has refused to produce any documentation from or with BP or Terrier and has directed Google to publicly available information only. This information, however, is insufficient and Google has served these subpoenas to seek discoverable information relevant to the question of standing. The relevance of the documents and testimony sought outweighs any purported burden Terrier asserts in complying with the subpoenas.

5. Rule 37 provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The proper venue in which to file a motion to compel a nonparty to comply with a subpoena is "the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(1). Because the subpoenas here require compliance in Delaware, venue is proper in this Court.

6. To the extent Terrier belatedly objects to the subpoenas, any objections have already been waived. Rule 45 provides that a nonparty served with a subpoena may object, but "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, both the 14 days and the time for compliance have passed.

7. "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *U.S. ex rel. Schwartz v. TRW, Inc.*,

3

211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection, including privilege."); *In re Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988) (enforcing a nonparty subpoena over untimely objections because the respondent "did not even contact" the party who served the subpoena within the time for compliance and because the "failure to object timely constitutes a waiver of any objections"). Moreover, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g).

8. Terrier was properly served; it simply failed to respond. Google properly effected service through Terrier's registered agent, as documented by the proof of service. (Ex. 3). By choosing to ignore Google's subpoenas, Terrier waived any and all objections.

9. Even if Terrier now attempts to quash the subpoenas, this Court should compel it to produce the requested documents and testimony as set forth in Google's subpoenas, because the relevance of the discovery sought, Google's need for such discovery, and the minimal hardship to Terrier favors production of the requested discovery. *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986).

10. Accordingly, pursuant to Rules 37(a)(2) and 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Google respectfully moves this Court to compel Terrier to comply with Google's requests for both deposition testimony and the production of documents. Google respectfully requests that this Motion be considered on an expedited basis in light of the impending close of discovery in the WSOU v. Google Litigations on October 22, 2021, and Terrier's decision to ignore the subpoenas altogether. *See, e.g.*, No. 6:20-cv-571 (W.D. Tex.), D.I. 33 (First Amended Scheduling Order) at 3.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Jennifer A. Kash<br>Matthew S. Warren<br>Erika Warren<br>Francesca Miki Shima Germinario<br>WARREN LEX LLP<br>2261 Market Street, Suite 606<br>San Francisco, CA  94114<br>(415) 895-2940<br><br>Tharan Gregory Lanier<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA  94303<br>(650) 739-3939<br><br>October 6, 2021 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br><br>_____<br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br><br>*Attorneys for Google LLC* |

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOOGLE LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| TERRIER SSC, LLC, | ) |
| | ) |
| Respondent. | ) |

## [PROPOSED] ORDER

Before the Court is Google LLC's Motion to Compel Terrier SSC, LLC to Comply with Subpoenas on an Expedited Basis. Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**.

**IT IS HEREBY ORDERED** that Terrier SSC, LLC comply with the subpoenas according to the terms set forth therein. Terrier SSC, LLC shall produce all responsive documents no later than October 14, 2021, and provide a corporate witness for deposition after production of its documents no later than October 21, 2021.

SO ORDERED this \_\_\_\_ day of _____, 2021.

_____
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF.

I further certify that copies of the foregoing document will be served upon the following in the manner indicated:

| | |
|---|---|
| Terrier SSC, LLC<br>c/o VCORP Services, LLC<br>1013 Centre Road, Suite 403-B<br>Wilmington, DE  19805<br>*Registered Agent for Terrier SSC, LLC* | *VIA HAND DELIVERY* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)