# EXHIBIT A

**WARREN LEX** LLP

2261 MARKET STREET No. 606     TEL  +1 (415) 895 2940
SAN FRANCISCO CA 94114     FAX  +1 (415) 895 2964

October 15, 2021

**By Electronic Mail**

Travis Richins
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120/324
Southlake, Texas, 76092
travis@etheridgelaw.com

Re:    **WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-575, 20-576, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)**

Dear Mr. Richins:

I write in response to your email of yesterday regarding Google's subpoenas to BP Funding Trust and Terrier SSC, LLC.

As you know, on Wednesday, September 8, 2021, we served WSOU with notices of the subpoenas that we then served on BP Funding Trust and Terrier.  BP and Terrier did not serve responses and objections to the subpoenas, thereby waiving all objections.  Likewise, WSOU raised no objections to the subpoenas despite being in regular contact with Google on other issues.

Given Terrier's complete silence, Google moved to compel production.  *Google LLC v. Terrier SSC, LLC*, No. 21-mc-419 (D. Del. October 7, 2021).  Terrier's opposition to Google's motion is due next Thursday, October 21, 2021.

On October 1, 2021, well after its date to respond to the subpoena, BP Funding Trust contacted Google and sought to meet and confer.  Following those  discussions, BP Funding Trust agreed in writing to produce documents by today, Friday, October 15, 2021.  Relying on this agreement, Google postponed its motion to compel.  Not until yesterday, the day before BP Funding Trust had agreed in writing to produce documents, did WSOU for the first time raise any issue regarding these subpoenas by, as you put it, "inform[ing] Basepoint and Terrier that Google's demands on them are improper" and "that production of the documents will prejudice WSOU."  In response to your improper attempt to interfere with BP Funding Trust's agreement to produce documents, BP Funding Trust indicated that it would no longer honor that agreement.  As a result, Google moved today to compel production from BP Funding Trust.  *Google LLC v. BP Funding Trust*, No. 21-mc-440 (D. Del. October 15, 2021).

You have stated that WSOU plans to seek a protective order before the Western District of Texas.  Such an order would not be appropriate; the correct forum for resolving any issue regarding Google's subpoenas is the enforcement court, here the District of Delaware.  We are also surprised by your statement that "production of the documents will prejudice WSOU."  We cannot see how production by a non-party can "prejudice" WSOU unless "prejudice" includes the revelation of information that WSOU

Travis Richins
Etheridge Law Group, PLLC
Page 2

considers unhelpful to its claims.  If you are aware of some prejudice that WSOU would suffer from this production, please state it with specificity.

Finally, you stated without citation that some of these documents were irrelevant in some other, unspecified case.  Without knowing more, we cannot evaluate your statement.  In these cases, however, we can be certain that these documents are central to WSOU's standing or lack thereof.  Every infringement plaintiff must show standing to assert every patent.  In light of this rule, and especially following the experience of the *Uniloc* cases, where loan documents established lack of standing, we are confident that WSOU will agree these documents are highly relevant to its standing to bring these cases.

Very Truly Yours,

Jennifer A. Kash

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| | § | **CIVIL ACTION 6:20-CV-00571-ADA** |
| **WSOU INVESTMENTS, LLC d/b/a,** | § | **CIVIL ACTION 6:20-CV-00572-ADA** |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-CV-00573-ADA** |
| **DEVELOPMENT** | § | **CIVIL ACTION 6:20-CV-00575-ADA** |
| | § | **CIVIL ACTION 6:20-CV-00576-ADA** |
| **Plaintiff,** | § | **CIVIL ACTION 6:20-CV-00579-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-CV-00580-ADA** |
| | § | **CIVIL ACTION 6:20-CV-00583-ADA** |
| **GOOGLE LLC,** | § | **CIVIL ACTION 6:20-CV-00584-ADA** |
| | § | **CIVIL ACTION 6:20-CV-00585-ADA** |
| **Defendant.** | § | |
| | § | **JURY TRIAL DEMANDED** |

## JOINT NOTICE CONCERNING AGREEMENT TO EXTEND DEADLINES

TO THE HONORABLE COURT:

Plaintiff WSOU Investments, LLC ("WSOU") and Defendant Google LLC ("Google") (collectively, the "Parties"), pursuant to the Court's Standing Order Regarding Joint or Unopposed Request to Change Deadline, submit this Joint Notice to memorialize their agreement to extend case deadlines. The Parties have agreed to adjust the Scheduling Order to afford the Parties more time to streamline the cases, to reduce the number of claims and prior art references currently at issue, to provide the parties more time to resolve outstanding discovery disputes, and additional time to complete depositions and further prepare for trial and expert discovery. The Parties have jointly agreed to modify the schedule as follows:

1

| Event | Date |
|---|---|
| Deadline Parties agree to serve no new ROGs, RFPs, RFAs, new subpoenas or deposition notices unless otherwise mutually agreed [1] | October 22, 2021 |
| Deadline for Noticed Party to Provide Proposed Dates for All Remaining Noticed Depositions | December 10, 2021 |
| Parties to Finalize Meet and Confer on Any Outstanding Discovery Disputes on written discovery | December 10, 2021 |
| Deadline for Parties to Meet and Confer and Set Schedule for All Remaining Depositions | January 7, 2022 |
| Deadline to Begin the Process in the OGP (pages 2 and 3) to Resolve Any Remaining Discovery Disputes (or the then current OGP process for resolving Discovery Disputes.) All filings with the Court due by Jan 28, 2022 | January 21, 2022 |
| Deadline for the first of two meet and confers to narrow the number of claims asserted and prior art references asserted. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues | February 1, 2022 |
| Close of Fact Discovery | February 25, 2022 |
| Opening Expert Reports | March 4, 2022 |
| Rebuttal Expert Reports | April 1, 2022 |
| Close of Expert Discovery | April 22, 2022 |
| Deadline for the second meet and confer to narrowing the number of claims asserted and prior art references asserted. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. | April 29, 2022 |
| Dispositive Motion Deadline | May 6, 2022 |
| Serve Pretrial Disclosures | May 13, 2022 |

---

[1] Excluding issues that later arise in the context of a deposition or updated disclosures

| Event | Date |
|---|---|
| Objections/Rebuttal Disclosures | May 27, 2022 |
| Motions in Limine | June 3, 2022 |
| Joint Pretrial Order/Submissions | June 10, 2022 |
| Remaining Pretrial Objections | June 24, 2022 |
| (Proposed) Final Pretrial Conference | July 11, 2022 |
| (Proposed) Jury Selection / 1st Trial for the -571, -573, -579, -583, and -584 cases | July 25, 2022 |
| (Proposed) Jury Selection / 2nd Trial for the -572, -576, -575, -580 and -585 | September 19, 2022 |

Date:  October 21, 2021                    Respectfully submitted,

*/s/ James L. Etheridge*
Mark D. Siegmund (TX Bar No. 24117055)
mark@waltfairpllc.com
**LAW FIRM OF WALT FAIR, PLLC**
1508 N. Valley Mills Drive
Waco, TX 76710
Telephone:  (254) 772-6400
Facsimile:  (254) 772-6432

James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com

3

Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF WSOU
INVESTMENTS, LLC d/b/a BRAZOS
LICENSING AND DEVELOPMENT**

Date:  October 21, 2021

Respectfully submitted,

*/s/ Tharan Gregory Lanier*

Tharan Gregory Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com
Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street

4

26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

Michael E. Jones
SBN: 10929400
Patrick C. Clutter
SBN: 24036374
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
patrickclutter@potterminton.com

Matthew S. Warren (*pro hac vice*)
Jen Kash (*pro hac vice*)
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-585@cases.warrenlex.com

***Attorneys for Defendant Google LLC***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this filing via the Court's CM/ECF system per Local Rule CV-5(a) on October 21, 2021.

*/s/ James L. Etheridge*
James L. Etheridge
