## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC., <br><br> Defendants. | Case Numbers: <br> **6:20-cv-00473-ADA**[1] <br> 6:20-cv-00474-ADA <br> 6:20-cv-00475-ADA <br> 6:20-cv-00476-ADA <br> 6:20-cv-00477-ADA <br> 6:20-cv-00478-ADA <br> 6:20-cv-00479-ADA <br> 6:20-cv-00480-ADA <br> 6:20-cv-00481-ADA <br> 6:20-cv-00482-ADA <br> 6:20-cv-00485-ADA <br> 6:20-cv-00486-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> ZTE CORPORATION, <br><br> Defendant. | Case Numbers: <br> **6:20-cv-00487-ADA** <br> 6:20-cv-00488-ADA <br> 6:20-cv-00489-ADA <br> 6:20-cv-00490-ADA <br> 6:20-cv-00491-ADA <br> 6:20-cv-00492-ADA <br> 6:20-cv-00493-ADA <br> 6:20-cv-00494-ADA <br> 6:20-cv-00495-ADA <br> 6:20-cv-00496-ADA <br> 6:20-cv-00497-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC, <br><br> Defendant. | Case Numbers: <br> **6:20-cv-00571-ADA** <br> 6:20-cv-00572-ADA <br> 6:20-cv-00573-ADA <br> 6:20-cv-00575-ADA <br> 6:20-cv-00576-ADA <br> 6:20-cv-00579-ADA <br> 6:20-cv-00580-ADA <br> 6:20-cv-00583-ADA <br> 6:20-cv-00584-ADA <br> 6:20-cv-00585-ADA |

---

[1] To avoid inundating the Court's docket with duplicative filings, this document is being e-filed *only* in the low-number proceedings, as indicated by the case numbers with bold typeface.

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | Case Numbers: **6:20-cv-00725-ADA** |
| Plaintiff, | 6:20-cv-00726-ADA 6:20-cv-00728-ADA |
| v. | 6:20-cv-00730-ADA 6:20-cv-00783-ADA |
| HEWLETT PACKARD ENTERPRISE COMPANY, | |
| Defendant. | |
| GOOGLE, LLC, | Case Number: **6:21-mc-01269-ADA** |
| Petitioner, | |
| v. | |
| TERRIER SSC, LLC, | |
| Respondent. | |
| GOOGLE, LLC, | Case Number: **6:21-mc-01270-ADA** |
| Petitioner, | |
| v. | |
| BP FUNDING TRUST, | |
| Respondent. | |
| GOOGLE, LLC, | Case Number: **6:21-mc-01309-ADA** |
| Petitioner, | |
| v. | |
| AQUA LICENSING, LLC, | |
| Respondent. | |

**MOTION FOR LIMITED-PURPOSE CONSOLIDATION AND PROTECTIVE ORDER FILED BY NON-PARTY SUBPOENA RECIPIENTS BP FUNDING TRUST; BASEPOINT ADMINISTRATIVE, LLC;  TERRIER SSC, LLC; AND AQUA LICENSING, LLC; AND JOINED BY PLAINTIFF WSOU**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................................................. 3

TABLE OF AUTHORITIES ..................................................................................................... 4

I.     INTRODUCTION AND SUMMARY ...................................................................... 5

II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................. 7

   (a)  The Subpoenas at Issue ........................................................................................... 7

   (b)  This Court's Decision Denying Discovery Related to WSOU's Lending Relationship
with BP Funding Trust and Terrier in *Microsoft*.............................................. 7

   (c)  Google's Attempted End Run Around this Court's Ruling in *Microsoft* by Filing
Multiple Motions in Delaware and Opposing a Rule 45(f) Transfer ................................. 8

   (d)  Defendants' Responses to the Requesting Non-Parties' Instant Consolidation Proposal:
Like Herding Cats ...................................................................................... 10

        1.  ZTE: Reserving its Right to File More Motions *in Delaware* .............................. 11

        2.  Google: Has Not Established that Discovery from BP Funding and Terrier is Even
Relevant, May or May Not Cooperate with HPE Only in Deposing Aqua on
February 22, 2022 ........................................................................................ 11

        3.  HPE: Has Not Subpoenaed BP Funding Trust or Terrier, But Wants Any
Documents They Might Produce to Google Anyway; Willing to Cooperate with
Google as to a Single Deposition of Aqua on February 22, 2022 ......................... 12

        4.  Dell: Subpoenaed BasePoint Administrative, LLC (Wrong Entity) Last Summer;
Willing to Participate in a Hearing on the Google Motions; Non-Committal as to
Cooperating for Deposition of Aqua on February 22, 2022................................... 13

        5.  Final Attempt to Confer: Timeline for Aqua Document Productions to be
Completed; Unclear Status of Whether Defendants Will Cooperate in Doing Single
Deposition of Aqua on February 22, 2022 ........................................................ 14

III.   ARGUMENT ..................................................................................................... 15

   (a)  Applicable Legal Standards.................................................................................... 15

        1.  Consolidation Under Rule 42(a)............................................................................. 15

        2.  Protective Orders Under Rule 26(c)........................................................................ 16

        3.  Duty to Avoid Undue Burden on Non-Parties Under Rule 45(d)(1) .................... 17

   (b)  The Court Should Enter the Proposed Order and Consolidate These Cases Solely for the
Limited Purpose of Directing Defendants to Cooperate with Respect to their Discovery
to the Requesting Non-Parties ......................................................................... 17

IV.   CONCLUSION .................................................................................................. 20

APPENDIX A .............................................................................................................. 22

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49 (5th Cir. 1981) ........................................ 16

*Ctr. For Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413 (5th Cir. 2013) ............. 16

*Gate Guard Servs. L.P. v. Solis, No.*, 2011 WL 2784447 (S.D. Tex. July 12, 2011) .................. 16

*Genus Lifesciences v. Lannett Co.*, 2019 WL 7313047 (N.D. Cal. Dec. 30, 2019) .................... 18

*Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.,*
   96 F.R.D. 49 (W.D.N.Y.1982) ............................................................................................... 16

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*,
   No. 3:11-MD-2244-K, 2017 WL 3841608 (N.D. Tex. June 28, 2017) ................................... 16

**Federal Rules of Civil Procedure**

Rule 26(c) .......................................................................................................................... 5, 17

Rule 42(a) .......................................................................................................................... 5, 15

Rule 45(d)(1) ...................................................................................................................... 5, 17

## I.  <u>INTRODUCTION AND SUMMARY</u>

This motion concerns certain non-parties that have received largely identical subpoenas from the defendants in connection with the proceedings referenced in the captions above (the "**Cases Proposed for Consolidation**").  These patent infringement cases were all filed by the same plaintiff, WSOU Investments, LLC ("**WSOU**") and are pending in this Court against four groups of defendants headlined by Google, HPE, Dell, and ZTE.   The "**Requesting Non-Parties**" that this motion concerns are: BP Funding Trust; BasePoint Administrative, LLC; Terrier SSC, LLC; and Aqua Licensing, LLC.

WSOU retained Aqua to secure the purchase of certain assets from Nokia and then primarily to sell or license those assets.  BP Funding Trust financed WSOU's acquisition of those assets, and Terrier SSC, LLC later acquired the loan in January 2020.  As reflected in documents on file with the PTO,  both BP Funding Trust and Terrier previously had a security interest in the patents in suit, but their security interests were released by June of 2021.

Together with WSOU, which joins in this motion,[2] the Requesting Non-Parties seek relief pursuant to Federal Rules of Civil Procedure, Rule 42(a) (consolidation), Rule 26(c) (protective orders), and Rule 45(d)(1) (no undue burden on subpoena recipients).

Movants seek entry of an order consolidating the Cases Proposed for Consolidation *solely* for the purpose of third party discovery directed to the Requesting Non-Parties. As set out more fully in the proposed order circulated to all parties on January 6, 2022, a copy of which is filed concurrently herewith, the defendants are being asked to cooperate and coordinate with respect to: (a) their document requests to the Requesting Non-Parties; (b) any deposition(s) of the Requesting Non-Parties; and (c) briefing and hearing four motions related to two of the

---

[2] WSOU's notices of joinder are being filed concurrently.

Requesting Non-Parties that are currently pending before this Court in the Google cases.  The proposed, limited-purpose consolidation would *not* be for all purposes or for trial and would be limited to discovery to the Requesting Non-Parties.

To-date, none of the defendants has put forward any compelling reasons as to why the proposed consolidation should *not* be granted.  They have entertained that it might be possible to work together, but expressed skepticism that it would be possible for them to cooperate so as to conclude a single deposition of Aqua, a patent licensing witness, within seven hours.  They have pointed out that the discovery cutoffs in Dell and ZTE are somewhat later than the discovery cutoffs in Google and HPE.  Some of them emphasize that their own discovery relates to different patents in suit, such that they do not necessarily want to be bound by whatever this Court decides in the "Google Motions" (as defined below) and would instead prefer to have their own, further bites at the same apple.  Indeed, ZTE is threatening to file new motions to compel on its subpoenas *in Delaware*, even though its subpoenas are identical (same typos, even) to the ones currently before this Court in the Google Motions.

At bottom, these defendants all want the same information.  *See* <u>Appendix A</u>, below. They all want documents from Aqua about the patent portfolio in question and have subpoenaed Aqua for a deposition.  And what they seek from BP and Terrier is largely a fishing expedition about standing, but they have failed to even establish the predicate fact upon which relevancy depends (*i.e.*, that there was ever a default on any of the loan agreements in question that might have affected patent ownership). Since they have refused to do so thus far, the Court is respectfully requested to order these defendants to cooperate with each other by consolidating these cases for that limited purpose, as set out in the proposed order filed herewith (Pietz Decl., **Ex. 9**).

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

**(a)  The Subpoenas at Issue**

Google issued subpoenas to Aqua in July of 2021 and to BP Funding Trust and Terrier in September of 2021.  Pietz Decl., **Ex. 1**.  Aqua timely objected on August 17, 2021.  Pietz Decl. at ¶ 2.  Further details about BP Funding Trust and Terrier's responses to Google's subpoenas are set out in the "Google Motions" referenced below.

ZTE issued subpoenas to Aqua,  BP Funding Trust and Terrier in October of 2021.  *Id.*, **Ex. 2**.  ZTE's subpoenas were *identical* to the Google subpoenas, apart from the  party names and certain definitions, but including the same typos.  Pietz Decl. at ¶ 3.   All three Requesting Non-Parties timely objected to the ZTE subpoenas on November 8, 2021.  *Id.*

Dell issued subpoenas to Aqua and to BasePoint Administrative, LLC[3] in August of 2021.  Pietz Decl., **Ex. 3**.  Aqua timely objected on September 10, 2021, and later served supplemental objections on November 9, 2021.  Pietz Decl. at ¶ 4.  BasePoint Administrative, LLC objected on November 11, 2021, although the timeliness of the objections by BasePoint Administrative, LLC is apparently in dispute.  *Id.*

HPE issued subpoenas to Aqua in December of 2021.   Pietz Decl., **Ex. 4**.  Aqua timely objected to these subpoenas on January 12, 2022.  Pietz Decl. at ¶ 5.

A table demonstrating how the different subpoenas ask for the same, or similar, information, from the Requesting Non-Parties is set forth at the end of this brief as Appendix A.

**(b)  This Court's Decision Denying Discovery Related to WSOU's Lending Relationship with BP Funding Trust and Terrier in *Microsoft***

---

[3] Dell was informed in the fall that it subpoenaed the wrong entity.  *See* Pietz Decl., **Ex. 16** at p. 3.  Since Dell was informed of that error, summer has turned into fall, and now winter, yet Dell still has taken no action to correct it.

This Court previously addressed *party* discovery related to two of the Requesting Non-Parties in patent infringement cases that WSOU brought against Microsoft.  Specifically, when Microsoft sought to compel WSOU to produce documents related to BP Funding Trust and Terrier (lenders that financed, and then refinanced, WSOU's acquisition of a patent portfolio from Nokia) this Court denied Microsoft's requests to that effect, after a pair of discovery hearings, on September 7, 2021, and on October 7, 2021.  *See WSOU v. Microsoft*, W.D. Tex. No. 6:20-cv-457,[4] ECF No. 79, 11/2/21 (Proposed "Order Regarding Discovery Disputes" submitted by local counsel for Microsoft (and Dell), Barry Shelton, stating "Microsoft's request to compel WSOU to produce the underlying Loan Agreement and full Security Agreement for both the BP Funding Trust and OT WSOU [sic] Terrier Holdings security interests is DENIED.").

### (c)    Google's Attempted End Run Around this Court's Ruling in *Microsoft* by Filing Multiple Motions in Delaware and Opposing a Rule 45(f) Transfer

Seeing which way the wind was blowing—Google was aware of this Court's ruling from *Microsoft* since at least September 15, 2021,[5] if not earlier[6]—Google opted to try its luck getting the discovery that it wants by seeking it from the Requesting Non-Parties before a different Court.  Rather than conferring with WSOU or moving to compel WSOU to produce documents relating to the Requesting Non-Parties, Google opted instead to file motions to compel on its

---

[4] Unless otherwise indicated, all further docket references are to dockets in the Waco Division.

[5] *Google v. BP Funding Trust*, 21-mc-1270, ECF No. 12 (Richins Decl.) at ¶¶ 3-4 (discussing the Microsoft hearing and providing excerpts of discovery meet and confer letter Mr. Richins sent to Google on September 15, 2021, explaining to Google the result of the Microsoft hearing related to the BP Funding Trust and Terrier security agreements in question).

[6] Requesting Non-Parties believe that Microsoft, Google, Dell, HPE, and ZTE are all in a joint defense agreement with respect to WSOU litigation. During the meet and confer process prior to filing this motion, counsel for Google, Dell, and ZTE were asked to confirm whether they are in a joint defense agreement and they refused to answer the question; counsel for Dell stated "we are not going to discuss that today."  Pietz Decl., **Ex. 11** at p. 4.

Rule 45 subpoenas in the District of Delaware (as the court for compliance for Delaware entities): against Terrier on October 6, 2021 (21-mc-1269, ECF No. 1), against BP Funding on October 15, 2021 (21-mc-1270, ECF No. 1), and against Aqua on October 18, 2021 (21-mc-1309, ECF No. 1).   WSOU responded by filing a motion for a protective order here, in the Google cases, on October 20, 2021.  *E.g.*, *WSOU v. Google*, 20-cv-571, ECF No. 61, 10/20/21 ("Motion for Protective Order Requiring Withdrawal of Subpoenas Against Non-Parties BP Funding and Terrier SSC").[7]

Terrier and BP Funding opposed the motions to compel filed against them by Google in Delaware (*E.g.*, *Google v. BP Funding*, 21-mc-1270, ECF No. 11, 10/21/21) but also simultaneously moved, together with WSOU, to transfer those motions to this Court, per Rule 45(f) (*id*. at ECF No. 10, 10/21/21).

Google opposed the Rule 45(f) motion to transfer, arguing that its motions to compel against Terrier and BP Funding Trust should be heard in Delaware and not by this Court.  *Id*. at ECF No. 14, 10/22/21, at pp. 10-12.  After a hearing on Google's motions to compel and on the Rule 45(f) transfer motion, the District of Delaware granted the Rule 45(f) transfer motion and thus declined to rule on the merits of Google's motions to compel.  *Id*. at ECF No. 20, 12/6/21. After Google lost on the transfer motion in the BP Funding Trust and Terrier proceedings, Google then consented to having its motion to compel against Aqua (which was never fully briefed because Aqua began producing documents to Google)  transferred to this Court as well. *See Google v. Aqua*, 21-mc-1309 at ECF No. 10, 10/21/21) (order granting unopposed motion to extend time for Aqua to respond "until after the parties have conferred again and have notified

---

[7] These three motions Google filed as miscellaneous discovery proceedings in Delaware, plus WSOU's related motion for a protective order, together, are the "**Google Motions**."

this Court whether there remain any areas of dispute or that the disputes are resolved."); *id.* at ECF No. 16, 12/16/21 (order granting consent motion to transfer Aqua motion here).

     **(d)**     **Defendants' Responses to the Requesting Non-Parties' Instant Consolidation Proposal: Like Herding Cats**

     On December 14, 2021, counsel for Google sent an email to this Court informing it of the transfer from Delaware and asking for a hearing on Google's motions to compel filed against Terrier and BP Funding Trust, and on WSOU's motion for a protective order filed here originally.  Pietz Decl., **Ex. 5** at pp. 5-6.  Due to what was presumably an oversight, in its 12/14 email to this Court requesting a hearing, counsel for Google did not copy any of the counsel for Terrier or BP Funding Trust who had appeared in Delaware.  *Id.*   On December 17, 2021, this Court set a hearing on Google's motions for December 27, 2021.  *Id.* at p. 5.

     After BP Funding Trust and Terrier found out about the 12/27 hearing, they engaged local counsel in Waco, Dan MacLemore, and asked Google to stipulate to continue the hearing. *Id.* at p. 4.  Google responded on December 20:

> "Google can agree to continue the hearing currently set by the Court for December 27, 2021 until sometime during the week of January 3, 2022. Google cannot agree to extend the date for such hearing any longer. Depositions where the documents being sought may be used are scheduled to begin on January 10, 2022. Additionally, there is a discovery deadline upcoming shortly in this matter. The delays that have already occurred concerning the documents sought make it impossible for Google to agree to any longer continuance."  *Id.* at p. 3.

After asking Google to identify which upcoming depositions, specifically, were purportedly the cause for the big rush (*id.* at p. 2), which Google did not do in its response (*id.* at p. 2)), local counsel for BP Funding Trust and Terrier sent a scheduling memorandum to this Court on December 21, 2021, asking that the hearing be postponed and raising related issues.  Pietz Decl., **Exs. 6-7**.  By an email that same day, the Court cancelled the 12/27 hearing and directed the parties to meet and confer.  Pietz Decl., **Ex. 7**.

On January 6, 2022, the Requesting Non-Parties circulated a proposed order of consolidation (Pietz Decl., **Ex. 9**) to all parties—defendants and WSOU—along with a copy of Mr. MacLemore's 12/21 scheduling memorandum to the Court.  Pietz Decl. at ¶ 9, **Ex. 8**.

        1.        <u>ZTE: Reserving its Right to File More Motions *in Delaware*</u>

ZTE was the first to respond to the Requesting Non-Parties' consolidation proposal. Although ZTE's subpoenas are *identical* (including the same typos) to Google's subpoenas, counsel for ZTE took the position that it was reserving ZTE's right to file any motions to compel it might want to bring against the Requesting Non-Parties *in Delaware*.  Pietz Decl., **Ex. 10** at p. 1. ZTE knows Google already tried this and that the Delaware court transferred the motions to compel back here.  *See* Pietz Decl. at ¶ 8 (email forwarding ZTE Mr. MacLemore's memorandum to the Court discussing the transfer in from Delaware).  No matter.  According to a January 7, 2022 email from Mr. Lavenue, counsel for ZTE:

> "As previously noted, ZTE filed its own subpoenas on Aqua, BP, and Terrier with respect to the District of Delaware. You continue to refuse to provide your position in view of the persuasive District of Delaware law, and you refuse to provide legal support for withholding production. And it is also our understanding that you refuse to produce documents/testimony in accordance with the subpoenas. Thus, if need be, we will proceed accordingly in the *appropriate* District of Delaware."  Pietz Decl., **Ex. 10** at p. 1 (Emphasis in ZTE's original).

Mr. Lavenue then refused to participate in the meet and confer phone calls about this motion unless counsel for the Requesting Non-Parties first addressed Delaware district court orders that he thinks are persuasive.  Pietz Decl., **Ex. 11**, at pp. 9-32. After several attempts to get ZTE to participate in a meet and confer phone call (*id.*), it eventually thought better of its position, and did join the final meet and confer call conducted on January 20, 2022.  *Id.* at p. 3.

        2.        <u>Google: Has Not Established that Discovery from BP Funding and Terrier is Even Relevant, May or May Not Cooperate with HPE Only in Deposing Aqua on February 22, 2022</u>

During a first meet and confer call on January 7, 2022, which Google said it did not want the other defendants to participate in, Google said that it would "not oppose appropriate consolidation," but that it did not want to delay a decision on its motions to compel against BP Funding and Terrier.  Pietz Decl., **Ex. 12** at pp. 1-2.  After a second meet and confer phone call on January 14, 2022 that included both Google and HPE—and which ZTE and Dell were invited to participate in, but declined to join—Google indicated that it would be willing to commit to cooperate at least with HPE in doing a single deposition of Aqua, not to exceed seven hours. Pietz Decl., **Ex. 11** at p. 20.  However, shortly thereafter, counsel for Google, Ms. Kash, backtracked, writing in an email on January 20, 2022,

> "as a result of the scheduling conflicts presented by WSOU's calendar, and those of counsel for Google and what will likely be the complications of Mr. McMillian's calendar and Aqua's counsel, we are not certain we can also continue to accommodate Mr. Pietz's request that the deposition of Aqua be coordinated with counsel for HPE (let alone that of defendants in other WSOU litigations which Mr. Pietz has indicated he will also seek to join)."  Pietz Decl., **Ex. 13** at p. 1.

Google did, however, helpfully confirm that it could potentially take a deposition of Aqua on February 22, 2022 (*id.*), which is a date proposed by WSOU (id. at p. 2), and which is prior to the fact discovery cutoff in the Google cases, and far enough out to allow this motion to be briefed and heard on regular notice.

3.      HPE: Has Not Subpoenaed BP Funding Trust or Terrier, But Wants Any Documents They Might Produce to Google Anyway; Willing to Cooperate with Google as to a Single Deposition of Aqua on February 22, 2022

HPE, as noted above, indicated on the January 14, 2022 meet and confer call that it is willing to cooperate with Google in taking a deposition of Aqua.  Pietz Decl., **Ex. 11** at p. 20. HPE has not yet subpoenaed BP Funding Trust or Terrier, but its counsel Mr. Franzinger has nevertheless asked that that it receive any documents that BP Funding and Terrier might produce to Google "without regard to whether HPE has subpoenaed them or not."  Pietz Decl., **Ex. 14**.

HPE has further indicated that, like Google and WSOU, it is available to conduct a deposition of Aqua on February 22, 2022.  *Id*.

        4.     <u>Dell: Subpoenaed BasePoint Administrative, LLC (Wrong Entity) Last Summer; Willing to Participate in a Hearing on the Google Motions; Non-Committal as to Cooperating for Deposition of Aqua on February 22, 2022</u>

Dell has 17 lawyers from Gibson Dunn and Shelton Coburn representing it in this action. *E.g.*, 20-cv-473.  All 17 of them initially declined to participate in a meet and confer phone call about this motion (Pietz Decl., **Ex. 11**, at pp. 28, 6) despite multiple attempts by the Requesting Non-Parties to get them to do so (*id*. at pp. 25-26, 22, 18, 19, 5).  When Dell did finally come to the table to confer about this motion on January 20, 2022, its counsel Mr. Rosenthal indicated that Dell was potentially amenable to submitting a brief in support of Google's position on the Google Motions by January 28, 2022, and that it was potentially willing to cooperate with respect to a deposition of Aqua on February 22, 2022.  *Id*. at pp. 3-4.

On the one hand, Dell claims that it is "doing our own thing" with respect to its subpoenas, emphasizing that they are different than those served by Google and ZTE (which are identical to each other).  *Id*. at p. 4.  Dell claims that it has "an agreement" with BasePoint Administrative, LLC  that it claims it reached in October, which it thinks further differentiates its situation from that of Google and the other defendants.

On the other hand, when counsel for Dell was asked whether Dell has a joint defense agreement in place with Google, HPE, and ZTE, counsel for Dell would not say; Mr. Rosenthal's response was "we are not going to discuss that today." *Id.* at p. 4.  Moreover, the purported "agreement" Dell is claiming it entered into with BasePoint Administrative, LLC is actually the very same agreement that Google initially claimed it entered into with BP Funding Trust, before Google decided to set that agreement aside by filing its motion to compel against BP Funding Trust in Delaware.  *Compare* Pietz Decl., **Ex. 15** (email from J. Kash for Google, to R. Millimet

on 10/5/21) *with* **Ex. 16** at pp. 3-4 (email from R. Millimet to B. Shelton for Dell, on 10/8/21). Moreover, BasePoint Administrative denied entering into any such agreement immediately after Dell claimed it had been reached (Pietz Decl., **Ex. 16** at pp. 2-3)  and then formally objected to the subpoenas and told Dell it would not be producing anything further (*id*. at **Ex. 17**).

> 5.  Final Attempt to Confer: Timeline for Aqua Document Productions to be Completed; Unclear Status of Whether Defendants Will Cooperate in Doing Single Deposition of Aqua on February 22, 2022

On the third and final meet and confer call with Google, Dell, and ZTE, conducted January 20, 2022, counsel for Aqua committed to completing Aqua's document production by February 4, 2022.  So far, counsel for Google, HPE, and WSOU have confirmed they are all available to conduct a deposition of Aqua on February 22, 2022.  On the call, counsel for Dell and ZTE were pressed as to whether they could commit to participating in the same deposition of Aqua, on February 22, 2022, with the whole thing not to exceed seven hours.  However, as noted, both of them were non-committal and were asked to reduce their positions to writing before the end of the day on January 20, 2022.  Pietz Decl., **Ex. 11**, at pp. 3-4.

Following the final meet and confer call on 1/20, counsel for the Requesting Non-Parties sent a follow-up email to counsel for the defendants and to WSOU as follows:

(1) "Will Dell and ZTE be prepared to participate, along with Google and HPE, in a single deposition of Aqua, not to exceed seven hours, to be conducted on February 22, 2022 (which is a date both Google and WSOU have cleared), assuming Aqua has completed its document production by then, which I indicated Aqua plans to do by February 4?  One thing I did not mention but should have is that I still need to run this date by my client rep, and that he would need to do it via Zoom.  But if all four defendants can agree to cooperate as to doing a single, seven-hour deposition of Aqua on that date, I am inclined to push to make it happen on that day, to accommodate Google and WSOU.

(2) Would Dell and ZTE like to file a brief in support of Google's position on the "Google Motions" related to BP Funding and Terrier, and, if so, will they be prepared to do so by Friday January 28, as proposed in the briefing schedule I circulated earlier this week, that nobody other than Google has yet responded to?

(3) I asked you all to please identify any evidence or other information suggesting that there was ever an event of default making the information sought from BP Funding or Terrier relevant to standing in the first place.  Nobody was able to do so.  Ms. Kash responded that she wanted to see the BP loan agreement that WSOU has apparently now agreed to produce in all of these four groups of cases.  Nobody else could identify anything in this regard, no hint of any default, ever, although counsel for ZTE added that it thought the information sought from BP Funding and Terrier was also relevant to damages, not just standing.  Mr. Schulz picked up the mantle from Mr. Lavenue in focusing on Delaware district court case law, which I indicated I will be more than happy to address in a response brief, should ZTE decide it wishes to be heard on these issues  by filing a brief in support of Google on the Google Motions."  *Id.*

This morning, January 21, 2022, Dell "confirmed with our client and [we] are willing to join Google's motion to compel discovery from BasePoint."  *Id*. at pp. 1-2.  Dell remains non-committal as to whether it will agree to participate in a single deposition of Aqua on February 22, 2022 (or if Dell will even want to depose Aqua at all), which is the date when Google, HPE, and WSOU are available to do so.  *See id.*   As of 7:30 pm Central time on Friday January 22, ZTE still has not responded in writing to the foregoing inquires as requested.   Pietz Decl. at ¶ 12

## III.  <u>ARGUMENT</u>

### (a)   Applicable Legal Standards

1.   <u>Consolidation Under Rule 42(a)</u>

Federal Rule of Civil Procedure, Rule 42(a) states,

"(a) Consolidation. ***If actions before the court involve a common question of law or fact***, ***the court may***:
(1) join for hearing or trial any or all matters at issue in the actions;
***(2) consolidate the actions; or***
***(3) issue any other orders to avoid unnecessary cost or delay***."
*Id*. (emphasis added).

As explained by Judge Kinkeade in the Northern District of Texas,

"[U]nder Federal Rule of Civil Procedure 42(a) […] the Court has broad discretion in determining whether to consolidate cases. Order Consolidating Bellwether Cases for Trial [No. 3:11-md-2244-K (Doc. No. 84]  *see,.g., Bottazzi v. Petroleum Helicopters, Inc*., 664 F.2d 49, 50 (5th Cir. 1981); *see also Ctr. For Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) (citation omitted) ("The trial court's managerial power is especially strong and

flexible in matters of consolidation.”). Rule 42 permits the consolidation of cases where, as here, they “involve a common question of law or fact.” Fed. R. Civ. P. 42(a)(1)-(2).”

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-MD-2244-K, 2017 WL 3841608, at *2 (N.D. Tex. June 28, 2017).

“Even if there are some questions that are not common, this does not preclude consolidation.” *Gate Guard Servs. L.P. v. Solis, No.*, 2011 WL 2784447, at *14 (S.D. Tex. July 12, 2011) (*citing Botazzi*, 664 F.2d at 50.

Where a party complains that consolidation will require it to attend depositions or otherwise participate in discovery procedures in which is has no interest, consolidation is not precluded, because the party is free to attend depositions or not, regardless of consolidation. *See Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.,* 96 F.R.D. 46, 49 (W.D.N.Y.1982).

    2.    Protective Orders Under Rule 26(c)

Under Rule 26, courts also have broad discretion to afford relief not only to parties, but to non-parties from whom discovery is sought,

> “(c) Protective Orders.
>     (1) In General. A party or ***any person from whom discovery is sought may move for a protective order in the court where the action is pending*** -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. ***The court may, for good cause***, issue an order to ***protect a*** party or ***person from annoyance***, embarrassment***, oppression, or undue burden or expense***, including one or more of the following:
>         (A) forbidding the disclosure or discovery;
>         ***(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery***;
>         (C) prescribing a discovery method other than the one selected by the party seeking discovery;

16

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
**(E) designating the persons who may be present while the discovery is conducted**;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

Fed. R. Civ. P. 26(c) (emphasis added).

        3.      <u>Duty to Avoid Undue Burden on Non-Parties Under Rule 45(d)(1)</u>

Rule 45, which governs the issuance of subpoenas to non-parties, also directs as follows,

"(d) Protecting a Person Subject to a Subpoena; Enforcement.
(1) Avoiding Undue Burden or Expense; Sanctions. *A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena*. . . ."

Fed. R. Civ. P. 45(d)(1) (emphasis added).

    **(b)**    **The Court Should Enter the Proposed Order and Consolidate These Cases Solely for the Limited Purpose of Directing Defendants to Cooperate with Respect to their Discovery to the Requesting Non-Parties**

Defendants' ongoing lack of cooperation with each other in issuing highly similar (in some cases, identical) subpoenas, and then insisting that they should all be addressed and adjudicated separately, in multiple courts, has unduly burdened the Requesting Non-Parties.

Even though this Court is obviously the most correct forum for these kinds of disputes to be heard in the first instance, the Requesting Non-Parties have all been haled into court in the District of Delaware already once, and had to make a Rule 45(f) motion to transfer, which Google opposed. Now, even seeing how that went the first time, and even though its own subpoenas are *identical* to the ones currently before this Court in the Google Motions, ZTE is threatening to do the whole Delaware detour all over again, insisting that if it moves to compel, it

will do so *in Delaware*.  Pietz Decl., **Ex. 10** at p. 1 ("Thus, if need be, we will proceed

accordingly in the *appropriate* District of Delaware.") (emphasis in Mr. Lavenue's original).

Google knew, when it initiated the flurry of motion practice in Delaware in October

2021, that this Court had already denied the production of similar documents in *Microsoft*.

*Google v. BP Funding Trust*, 21-mc-1270, ECF No. 12 (Richins Decl.) at ¶¶ 3-4.  Rather than

seek to compel discovery on these issues from WSOU, which is what Google should have done

in October and has still not done today, Google chose instead to burden third parties with

subpoenas.  Google should have addressed the relevancy dispute with WSOU and with this

Court if necessary, and only then burdened the Requesting Non-Parties with subpoenas to the

extent necessary. *E.g., Genus Lifesciences v. Lannett Co.*, 2019 WL 7313047 (N.D. Cal. Dec. 30,

2019) (quashing non-party subpoena as unduly burdensome where plaintiff failed to first seek

the information from the defendant).  Google opted not do so.

Further, it has now been more than three months and one extension of the fact discovery

cutoff in the Google cases since Google opted to try its luck in Delaware, yet Google still has not

established that *any* of the discovery that it still seeks from BP Funding Trust and Terrier is even

relevant to these cases to begin with.  On the final meet and confer call on January 20, 2022, and

afterward, none of the defendants were able to point to any evidence or other information that

there was ever an event of default that might theoretically have resulted in a foreclosure on a lien

and thus impacted patent ownership and standing.  Pietz Decl., **Ex. 11** at p. 3.  Thus, all this

litigation re: the BP entities and Terrier is an utterly irrelevant sideshow, and the extensive

burden already placed on them is therefore entirely "undue".  BP Funding Trust's and Terrier's

security interests on the patents in suit were released in June of 2021.  Yet the barrage of

subpoenas issuing forth to them from defendants in the Western District of Texas appears like it may just be getting going.

Although Dell and HPE have been somewhat less aggressive (until recently) in seeking to enforce their own largely duplicative subpoenas, their reluctance to firmly commit to participating in a unified deposition of Aqua, and ZTE's refusal to even participate in the briefing on the Google Motions, so that everyone can argue to this Court at the same time why it got it wrong in *Microsoft* and Google should win this time around, is confounding.

The defendants' actions throughout this process have not been consistent with their duty under Rule 45(d)(1) to minimize the burden on the Requesting Non-Parties to whom their subpoenas were directed.  Accordingly, the limited relief currently being requested by the Requesting Non-Parties is warranted and reasonable.

Here, for Rule 42 purposes, "common questions of law or fact" between the actions abound because all of the defendants have subpoenaed Aqua, requesting largely the same documents and testimony.  *See* Appendix 1.  Google,  ZTE, and Dell have all subpoenaed BP Funding Trust or BasePoint Administrative, LLC (which are related entities) requesting largely the same documents and testimony.  *Id.*  Both Google and ZTE have identical subpoenas pending to Terrier (as well as to BP Funding Trust and Aqua).  *Id.*

Further, the dispute about the relevance of the information sought from the BP entities and Terrier is also a common question, touching on both law and fact, applicable in all four sets of cases. All of the defendants contend that BP and Terrier may have documents that are purportedly relevant to "standing" (except HPE, which did not subpoena them, but wants any documents they may produce to Google anyway).  The Requesting Non-Parties and WSOU disagree.  As noted, none of the defendants have been able to point to any evidence or other

information suggesting that there was ever an event of default such that there was the kind of foreclosure and resulting loss of ownership as in the *Uniloc* cases, as defendants hope.  Google is insisting the Court decide this relevancy issue as soon as possible, by deciding the Google Motions.  There is no reason this same relevancy issue should be adjudicated multiple times by the other defendants with subpoenas outstanding in these cases; much less in different courts as Google first tried to do unsuccessfully, and which ZTE is threatening to try and do again.

Given all the highly similar or identical subpoenas, seeking the same or similar information, from the same non-parties, and the ongoing dispute about whether what is being sought is even relevant, and the defendants' refusal to firmly commit to participating in a single deposition of Aqua, there are many common issues of law and fact here.  Accordingly, the Court has broad discretion to force some cooperation amongst the defendants here, under Rule 42, which permits it to "(2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a)(2)-(3).  And it similarly has broad discretion to impose conditions and limit discovery by imposing a protective order under Rule 26(c).  Since the defendants will not commit to cooperating with each other or the Requesting Non-Parties, the court should order them to do so by granting the limited-purpose consolidation requested.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court is respectfully requested to grant this motion and enter the proposed order circulated to the defendants on January 6, 2022, which is submitted herewith.

Respectfully submitted,

DATED: <u>January 21, 2022</u>

BY:

/s/ Morgan E. Pietz                          /s/ Dan N. MacLemore

**PIETZ & SHAHRIARI, LLP**              **BEARD KULTGEN BROPHY**
Morgan E. Pietz (CA Bar No. 260629)[8]      **BOSTWICK & DICKSON, PLLC**
  Morgan@pstrials.com                       Dan N. MacLemore
6700 S. Centinela Ave., 2nd Floor           State Bar No. 24037013
Culver City, CA 90230                       220 South 4th Street
(310) 424-5557                              Waco, Texas 76701
                                            Tel (254) 776-5500
                                            Fax (254) 776-3591
                                            maclemore@thetexasfirm.com

                    *Counsel for the Requesting Non-Parties*

---

[8] Admitted *pro hac vice* in case numbers: 6:21-mc-01269-ADA, 6:21-mc-01270-ADA, and 6:21-mc-01309-ADA.  Application for general admission to Western District of Texas pending.

**APPENDIX A**

**Similarities Between Subpoenas Google, ZTE, HPE and Dell served on the Requesting Non-Parties**

| | Google | ZTE | HPE | DELL |
|---|---|---|---|---|
| Aqua Licensing, LLC | Documents relating to –**ownership interests, licensing, sales or assignments**. (RFP's 1-5, 7 and Depo Topics 1-6, 8); **value, ranking or evaluations** for infringement. (RFP's 9-11 and Depo Topic 7, 9-11); **Proposals or agreements** with WSOU. (RFP's 12-14 and Depo Topics 12-14; **Communications** with Google. (RFP'S 15- 18 and Depo Topics 15, 16), Alcatel, Nokia or other defendants. (RFP's 19 and 20 and Depo Topics 17, 18); and, **products that practice[ed] claims**. (RFP 6); | Documents relating to –**ownership interests, licensing, sales or assignments**. (RFP's 1-5, 7 and Depo Topics 1-6, 8); **value, ranking or evaluations** for infringement. (RFP's 9-11 and Depo Topic 7, 9-11); **Proposals or agreements** with WSOU. (RFP's 12-14 and Depo Topics 12-14; **Communications** with Google. (RFP'S 15- 18 and Depo Topics 15-16), Alcatel, Nokia or other defendants. (RFP's 19, 20 and Depo Topics 17, 18); and **products that practice[ed] claims**. (RFP 6); | Documents relating to-**ownership interests, licensing, sales, assignments, proposals or agreements**. (RFP's 1-6, 8, 12-15 and Depo Topics 1-7, 9, 13-15); **valuations and rankings**, and **evaluation and analysis of infringement**. (RFP's 9-11and Depo Topics 10-12); **Communications** with WSOU, affiliates or Wade & Company. (Depo Topics 16, 18); **relationships** to various third party entities (including **Shanus, Wade and Etchegoyen**), and WSOU (RFP 16 and Depo Topic 17) and, <u>**All communications with other defendants and documents produced to all other defendants**</u>. (RFP's 17. 18 and Depo Topic 18) | Document relating to – **ownership interests and licensing, sales or assignments**. (RFP's 12, 17, 18 and Depo Topics 1, 3, 12, 14, 15, 19, 24); **rankings or ratings**. (RFP 6 and Depo Topic 7) **Valuation**, budgets and forecasts. (RFP 15-16 and Depo Topic 18). Revenues and Fees (Depo Topic 20-23). Infringement of patents, including prior art search, enforceability of claim, products **practicing claims, and evaluation and analysis of infringement**.  (RFP's 1- 5 and Depo Topics 2, 4, 5, 6); **Agreements** regarding patents with Allied Security or WSOU (RFP 7 and Depo Topic 8); **Communications** with Alcatel and Nokia (RFP 8 and Depo Topic 9), WSOU. (RFP 9) and Dell (Depo Topic 17); rights in **litigation** and decision to pursue claims. (RFP's 10, 11, 13, 19 and Depo Topics 10, 11, 13); Relationship to various third parties (including **Shanus, Wade and Etchegoyen**) and WSOU.  (Depo Topic 16) |
| BP Funding Trust | Documents relating to - BP Funding Trust's **formation**, relation to Nextpoint and corporate structure. (RFP's 1-3 & Depo Topics 3-5); **interests in, purchasing, licensing, sales or assignments**. (RFP's 4- 7, 10, 11, 19, 21 and Depo Topics 6-9, 12, 13, 21, 23); Agreements with or regarding named inventor(s).  (RFP's 8, 9 and Depo Topics 10-11); **Agreements** relating to the asserted patents, (RFP's 12 -14, 24 and Depo Topics 14-16, 26); | Documents relating to - BP Funding Trust's **formation**, relation to Nextpoint and corporate structure. (RFP's 1-3 & Depo Topics 3-5); **interests in, purchasing, licensing, sales or assignments**. (RFP's 4- 7, 10, 11, 19, 21 and Depo Topics 6-9, 12, 13, 21, 23); Agreements with or regarding named inventor(s).  (RFP's 8, 9 and Depo Topics 10-11); **Agreements** relating to the asserted patents, (RFP's 12 -14, 24 and Depo Topics 14-16, 26); | | ***Dell issued Subpoena to Basepoint Administrative, LLC who is the erroneous entity seeking document relating to – Patents** (RFP1 and Depo Topic; **ownership interests and licensing, sales or assignments**. (RFP's 12, 13, 17, 18 and Depo Topics , 3, 12,19, 23, 24); **rankings or ratings**. (RFP 6  and Depo Topic 7,) **Valuation**, budgets and forecasts. (RFP 15, 16 and Depo Topic 18 ). Revenues and Fees (Depo Topic.20, 21);  Infringement of patents, including prior art search, |

| | | | |
|---|---|---|---|
| | **Communications** re patents and/or litigation.  (RFP's 15-18 and Depo Topics 17-20);  **interest in WSOU** (RFP 20 and Depo Topic 22); relationship to various third parties **(including  Shanus,  Wade  and Etchegoyen)** and WSOU.  (RFP 22 and Depo Topic 24); Communications with  **Omega**  Credit  Opportunities Master Fund (RFP 23 and Depo Topic 25);  **valuations and evaluation** and analysis of **infringement**.  (RFP's 25-26 and Depo Topics 27-28); and, **all documents  produced  to  all  other defendants**. (RFP 27) | **Communications**  re  patents  and/or litigation.. (RFP's 15-18 and Depo Topics 17-20);  **interest in WSOU** (RFP 20 and Depo Topic 22); relationship to various third parties **(including Shanus, Wade and Etchegoyen)** and WSOU.  (RFP 22 and Depo Topic 24); Communications with **Omega** Credit Opportunities Master Fund (RFP 23 and Depo Topic 25); **valuations and evaluation** and analysis of **infringement**.  (RFP's 25-26 and Depo Topics  27-28);  and,  **all documents produced to all other defendants**. (RFP 27) | | enforceability of claim, products **practicing claims,  and  evaluation  and  analysis  of infringement**.  (RFP's 2, 3, 4, 5 and Depo Topics 2, 4, 5, 6 ); **Agreements** regarding patents with Allied Security or WSOU (RFP 7 and Depo Topic 8);  **Communications** with or relating to Alcatel and Nokia (RFP 8 and Depo Topic 9), WSOU. (RFP 9 and Depo Topic 14) and Dell (Depo Topic 17 ); rights in **litigation** and decision to pursue claims. (RFP's 10, 11, 13 and 19 and Depo Topics 10, 11, 13); and, Relationship to various third parties (including **Shanus, Wade and Etchegoyen**) and WSOU.  (Depo Topics  15, 16) |
| Terrier SSC, LLC | Documents relating to -  Terrier's **formation**  and  corporate  structure. (RFP's 1-3 & Depo Topics 3-5); **interests in, purchasing, licensing, sales or assignments**. (RFP's 4-6, 9, 10, 21 and Depo Topics  6-8, 11, 12, 21,  23,  27);    **Agreements**  with  or regarding **named inventor(s)**.  (RFP's 7  –8  and  Depo  Topics  9-10); **Agreements** relating to the asserted patents,  (RFP's  11  -12,  23-24  and Depo  Topics  13-15,  25-26  ); **Communications** re patents and/or litigation.    (RFP's  14-17 and Depo Topics 16-19);  **Formation of WSOU** and interest in WSOU (RFP's 18, 20 and Depo Topics 20, 22); **relationship** to various third parties **(including Shanus, Wade and Etchegoyen)** and WSOU.  (RFP 22 and Depo Topic 24); **valuations  and  evaluation**  and analysis of **infringement**.  (RFP's 26-27 and Depo Topics 28-29); and, **all documents  produced  to  all  other defendants**. (RFP 28) | Documents relating to -  Terrier's **formation** and corporate structure. (RFP's 1-3 & Depo Topics 3-5); **interests in, purchasing, licensing, sales or assignments**. (RFP's 4-6, 9, 10, 21 and Depo Topics  6-8, 11, 12, 21, 23, 27); **Agreements** with or regarding **named inventor(s)**.  (RFP's 7 –8 and Depo Topics 9-10); **Agreements** relating to the asserted patents, (RFP's 11 -12, 23-24 and Depo Topics 13-15, 25-26 ); **Communications** re patents and/or litigation. (RFP's 14-17 and Depo Topics 16-19); **Formation of WSOU** and interest in WSOU (RFP's 18, 20 and Depo Topics 20, 22); **relationship** to various third parties **(including Shanus, Wade and Etchegoyen)** and WSOU. (RFP 22 and Depo Topic 24); **valuations and evaluation** and analysis of **infringement**.  (RFP's 26-27 and Depo Topics 28-29); and, **all documents produced to all other defendants**. (RFP 28) | | |