# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| GOOGLE LLC | § | |
| | § | Case No. 6:21-mc-1269-ADA |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| TERRIER SSC, LLC, | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| GOOGLE LLC | § | |
| | § | |
| Plaintiff, | § | Case No. 6:21-mc-1270-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BP FUNDING TRUST, | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| GOOGLE LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:21-cv-1309-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| AQUA LICENSING, LLC, | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § | |
| | § | |
| | § | Case No. 6:20-cv-572-ADA |
| | § | Case No. 6:20-cv-575-ADA |
| Plaintiff, | § | Case No. 6:20-cv-579-ADA |
| | § | Case No. 6:20-cv-580-ADA |
| v. | § | Case No. 6:20-cv-584-ADA |
| | § | **Case No. 6:20-cv-585-ADA** |
| GOOGLE LLC, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## GOOGLE'S OPPOSITION TO MOTION FOR LIMITED PURPOSE CONSOLIDATION AND PROTECTIVE ORDER FILED BY NON-PARTY SUBPOENA RECIPIENTS BP FUNDING TRUST; BASEPOINT ADMINISTRATIVE, LLC; TERRIER SSC, LLC; AND AQUA LICENSING, LLC

## INTRODUCTION[1]

The tail should not wag the dog.  Unfortunately, that has happened here.  By refusing to cooperate with scheduling Google's motions to compel key documents regarding WSOU's standing to bring its infringement complaints, and insisting on protracted negotiations regarding consolidation, BP Funding Trust, Terrier SSC, LLC and Aqua Licensing, LLC have delayed this Court's consideration of Google's motions for almost two months.  The Court should end this delay by hearing and resolving Google's motions to compel discovery against BP Funding and Terrier, which have been ready for hearing since October 22, 2021.  If it will help with the hearing and resolution of Google's motions to compel discovery, Google is agnostic about consolidation as long as its terms are fair to all parties.  But the moving parties here seek orders from the Court that would go far beyond consolidation, and would skew the playing field toward them.  The Court should decline to enter these orders.

## BACKGROUND

### A.      Google Subpoenas BP and Terrier, Which Waive Their Objections

Google served BP Funding Trust ("BP") and Terrier SSC, LLC ("Terrier") with document and deposition subpoenas on September 8 and September 10, 2021, respectively. *See Google LLC v. BP Funding Trust*, Case No. 21-1270, Docket No. 1, Exs. 1-2; *Google LLC v. Terrier SSC, LLC*, Case No. 21-1269, Docket No. 1, Exs. 1-2.  These subpoenas sought documents key to the foundational issue of WSOU's standing to bring its infringement claims against Google.  *See* Case No. 21-1270, Docket No. 14 at 5-7.  BP and Terrier failed to respond

---

[1] To avoid inundating the Court's docket with duplicative filings, this document is being filed *only* in the ancillary actions captioned above, as well as in the highest-number proceeding in the actions against Google as indicated by the case number with bold typeface.  The Google proceeding, Case No. 6:20-cv-571-ADA in which the opening brief was filed has subsequently been dismissed.  Google has served a copy of this brief on counsel for Dell Technologies, Dell, Inc., EMC Corporation and VMWARE, Inc., as well as on counsel for ZTE Corporation and for Hewlett Packard Enterprise Company.

or comply with Google's subpoenas by the deadline for compliance, thus waiving any objections to the subpoenas. *See* Case No. 21-1270, Docket No. 1, Exs. 1-2; Case No. 21-1269, Docket No. 1, Exs. 1-2. BP and Terrier agreed to provide documents in response to Google's subpoenas and set a production date of October 15, 2021, but reversed course the day before and refused to provide any documents at all. *See* Case No. 21-1270, Docket No. 1 at 6-7; Case No. 21-1269, Docket No. 14 at 3.

Google filed its motions to compel on October 6 and 15, 2021. Case No. 21-1270, Docket No. 1; Case No. 21-1269, Docket No. 1. On December 7, the District of Delaware transferred both matters to this Court. Case No. 21-1270, Docket No. 22.

**B.      Google Subpoenas Aqua, Which Waives Some Objections and Produces Documents**

On July 21, 2021, Google served document and deposition subpoenas on Aqua Licensing, LLC ("Aqua"). Aqua served boilerplate objections to the document subpoena, but never objected to Google's deposition subpoena, thus waiving its objections. *See Google LLC v. Aqua Licensing, LLC*, Case No. 21-1309, Docket No. 1, Ex. 7. Although BP and Terrier are related entities, as far as Google knows, Aqua is unconnected to the other two. Google's subpoena specific to Aqua sought documents related to the value and licensing of WSOU's patent portfolio, and in particular Aqua's communications with Google concerning the same. *Id.,* Docket No. 1, Ex. 1. On October 18, 2021, Google filed its motion to compel Aqua, *id.,* after which Aqua approached Google and offered to produce documents. *Id.,* Docket No. 9. Google and Aqua asked the District of Delaware to stay that matter "until after Aqua has completed its production and the parties have conferred to determine whether that production has mooted or reduced the areas of dispute," and the Court did so. *Id.,* Docket No. 10. Google and Aqua agreed to transfer that matter here, *id.,* Docket Nos. 15-17, but Aqua's document

production is ongoing and the parties have not asked this Court to lift the stay. Google has been attempting to schedule the deposition of Aqua for months, and has proposed February 22, 2022 in recent correspondence—a date when Plaintiff WSOU is also available.

**C.     This Court Sets a Hearing on Google's Motions; the Moving Parties Suggest Consolidation Instead, Leading to a Month of Meeting and Conferring**

On December 17, this Court set Google's motions to compel BP and Terrier for hearing on December 27, 2021. Case No. 21-1270, at Docket No. 24. On December 21, BP and Terrier sent a letter to the Court, seeking "a continuance of a month or so" to allow them to explore potential consolidation. Ex. A (Request to Court). The Court cancelled the hearing and asked the parties to meet and confer. Case No. 21-1270, Docket No. 30. After a month of meeting and conferring, no one was closer to an agreement, and the Moving Parties had not filed their motion to consolidate. Google coordinated a joint letter to the Court providing the status of the discussions and (on Google's part) asking again for a hearing on its motions to compel. Ex. B. Google submitted this letter on January 21, *id.*; the following day, BP, Terrier and Aqua (the "Moving Parties") filed their motion to consolidate. *See, e.g.*, Case No. 21-1270, Docket No. 33.

## ARGUMENT

**I.     This Court Should Ignore the Red Herring of 'the Microsoft Case'**

Much of the Moving Parties' argument depends on the assumption that this Court has already resolved everything in cases between WSOU and Microsoft. This argument suffers from five fatal flaws. First, it has nothing to do with *consolidation* of these matters, and the Moving Parties do not argue otherwise; instead, they claim 'the Microsoft case' controls the *ultimate outcome* here. *See, e.g.*, Mot. at 8-9. Second, 'the Microsoft case' cannot control anything here because, as WSOU itself has previously acknowledged, the relevant transcript is "sealed and therefore unavailable" beyond the parties to it—including, of course, Google. *See WSOU v.*

*Google LLC,* Case No. 20-580, Docket No. 64 at 5.  The Moving Parties cannot bind Google to a sealed proceeding to which it was not a party.  *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008) ("The application of claim and issue preclusion to nonparties thus runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'") (quoting *Richards v. Jefferson Cty., Ala.,* 517 U.S. 793, 798 (1996)).  Third, the Moving Parties waived any right to assert 'the Microsoft case' by failing to seek its unsealing, despite claiming for months that it controls here.  *See, e.g.,* Case No. 21-1370, Docket No. 11 at 5 (October 21, 2021); Ex. A.  The Moving Parties evidently wish their interpretation of 'the Microsoft case'—which they have also not seen, but apparently based on WSOU's summary of it—to stand without challenge from anyone else.  But that is not how litigation works.  Fourth, based on the limited record available to the public, 'the Microsoft' case is moot.  As the Moving Parties note in their motion, the sole public indication of any ruling in 'the Microsoft case' is a proposed order stating that "Microsoft's request to compel WSOU to produce the underlying Loan Agreement and full Security Agreement for both the BP Funding Trust and OT WSOU [sic] Terrier Holdings security interests is DENIED."  Mot. at 8.  In *these* cases, however, WSOU agreed that this document is relevant and produced it two days ago, mooting 'the Microsoft case' even if it could apply here, which it cannot.  Fifth and finally, WSOU agrees with Google that 'the Microsoft case' is "a different case that concern[s] irrelevant issues."[2]  The 'Microsoft case' is a red herring; the Court should ignore it.

## II.     Consolidation Should Not Further Delay Google's Motions to Compel Production by BP and Terrier, Which Seek Key Documents Regarding WSOU's Standing

Google's motions to compel BP and Terrier have been ready for resolution for more than three months, and fact discovery in Google's cases closes less than a month from now.  This

---

[2] January 27, 2022 M. Jones Email to J. Gunnell, Case No. 20-585, Discovery Dispute Chart at 12 (Brazo's Position, Issue No. 8).

Court tried to resolve these motions promptly, setting a hearing on December 27, 2021, but its effort was derailed by the Moving Parties' insistence on consolidation before resolution.  *See supra* § C.  The Court should not allow the Moving Parties to further delay resolution of Google's motions.  Fact discovery closes on February 25, and Google has not even received these key documents regarding WSOU's standing to bring its infringement actions.  In particular, Google should have the opportunity to utilize the documents it seeks before the 30(b)(6) deposition of Craig Etchegoyen, currently scheduled for February 9.  Google has asked for a later date for this deposition, but it still needs these documents urgently in any event.

### III. Any Consolidation Should Recognize That Google is Not Similarly Situated to the Other Defendants to WSOU's Infringement Actions

"Factors for the court to consider when determining whether consolidation is appropriate include (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately."  *Clark v. PNC Bank, N.A.*, No. 13-799, 2013 WL 6668674, at *1 (W.D. Tex. Dec. 17, 2013).  Any consolidation should consider that Google faces different "questions of law or fact," and thus "risk of prejudice or confusion if the cases are consolidated."  *See id.*  Although BP and Terrier argue the supposed futility of Google's subpoenas at length, they both *waived all objections* to Google's subpoenas by failing to respond.  *See supra* § A.  Google thus stands apart from any other defendants to WSOU's infringement actions, some of which have not subpoenaed BP and Terrier at all, and some of which received timely objections from them.  BP and Terrier also agreed with Google to produce documents,

before reneging on those agreements and refusing to produce anything.  *See supra* § A; Case No. 21-1270, Docket No. 14 at 3.  Again, Google stands apart from any other defendants to WSOU's infringement actions, none of which had such agreements.  Furthermore, several of the other defendants are involved in actions that "are at completely different stages of preparedness" thereby further demonstrating that "consolidation [i]s not warranted."  *Williams v. Bexar Cty.,* No. 18-1235, 2021 WL 932044, at *3 (W.D. Tex. Mar. 11, 2021) (holding a four-month difference in discovery periods differentiated two actions to warrant denial of consolidation).

Similarly, Google stands apart from the other defendants to WSOU's infringement actions regarding Aqua.  Google's subpoenas to Aqua seeks documents and testimony regarding communications with Google, raising issues unique to Google.  In addition, Aqua waived its objections to Google's deposition subpoena, but (as far as Google knows) did not do so to any other defendant to WSOU's infringement actions.  Finally, Google and Aqua stayed Google's motion pending Aqua's production; no other defendant to WSOU's infringement actions has even filed a motion to compel.

## IV.    Any Consolidation Should Occur on Fair Terms

Should the Court decide to grant consolidation, it should not allow the Moving Parties to skew the playing field in doing so.  The Moving Parties seek relief that would do exactly that.  Paragraph 3 of their proposed order appears designed to allow them to satisfy all subpoenas by responding to one, regardless of differing content between the subpoenas.  Case No. 21-1270, Docket No. 33-2 at 4.  Paragraph 4 requires different defendants to WSOU's infringement actions to provide a joint list of deposition topics and take a single seven-hour deposition.  These restrictions would prejudice Google, which has its own issues for all three Moving Parties, and any defendants to WSOU's infringement actions disagreeing on any topics for deposition, which

is quite likely to occur.  A single seven-hour deposition across these myriad cases would be grossly insufficient to address the complicated contracts and communications between the Moving Parties and WSOU, and the effect of this information on WSOU's standing to bring its claims, as well as important damages issues related to the the value and licensing of WSOU's portfolio.  The purpose of consolidation is convenience and ease of administration; the Court should not allow the Moving Parties to use consolidation to tilt the playing field heavily toward them, prejudicing Google and the other defendants to WSOU's infringement actions.  Should the Court grant any consolidation here, it should not short-circuit its usual practice and pre-decide any other issues.  Rather, the parties should be allowed to discuss any other issues and brief them to this Court, should that be necessary, according to the Court's normal procedures.

## **CONCLUSION**

Given the approaching close of fact discovery, Google requests that the Court set a hearing date on Google's motions to compel production by BP and Terrier, which have been fully briefed since October 22, 2021.  Google further requests that any consolidation should not further delay the hearing and resolution of Google's motions to compel production by BP and Terrier, nor should any consolidation interfere with the timely deposition of Aqua before the close of the discovery period in the remaining cases in which Google is a party.

Date:  January 28, 2022

Respectfully submitted,
*/s/ Jennifer A. Kash*
*with permission from Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

– 8 –

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
*(pro hac vice)*
Erika Warren (California Bar No. 295570)
Francesca Miki Shima Germinario
(California Bar No. 326208) *(pro hac vice)*
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
21-1269@cases.warrenlex.com
21-1270@cases.warrenlex.com
21-1309@cases.warrenlex.com
20-585@cases.warrenlex.com

Tharan Gregory Lanier
(California Bar No. 138784) *(pro hac vice)*
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

I certify that on January 28, 2022, I served the foregoing GOOGLE'S OPPOSITION TO

MOTION FOR LIMITED PURPOSE CONSOLIDATION AND PROTECTIVE ORDER FILED

BY NON-PARTY SUBPOENA RECIPIENTS BP FUNDING TRUST; BASEPOINT

ADMINISTRATIVE, LLC; TERRIER SSC, LLC; AND AQUA LICENSING, LLC by notice of

electronic filing on counsel of record registered as CM/ECF users.

      */s/ Michael E. Jones*